IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.   20-4157 ) |
| CALACCI CONSTRUCTION CO., INC. | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES plaintiff, CARPENTERS PENSION FUND OF ILLINOIS, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, CALACCI CONSTRUCTION CO., INC., and allege as follows:

1.  This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2.  Plaintiff is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement") (a copy of the pertinent parts of the trust agreement is attached hereto as Exhibit "A" and is fully incorporated herein and made a part hereof by this reference).

3.  Defendant has been, at all material times, an "employer" within the meaning of § 3(5) of ERISA, and 29 U.S.C. §§ 152(2) and 1002(5).

4.  Defendant has been, at all material times, engaged as a contractor or subcontractor

in the industry of railroad work, and has been and continues to be an employer in an "industry affecting commerce" as defined by § 3(12) of ERISA, and 29 U.S.C. §1002(12).

9. Defendant has been, at all material times, a party to or otherwise bound by a collective bargaining agreement (the "collective bargaining agreement") with the Chicago Regional Council of Carpenters and the North Central States Regional Council of Carpenters (collectively the "Union") (a copy of the collective bargaining agreements are attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference).

10. Pursuant to the collective bargaining agreement, Defendant is bound by the plaintiff's trust agreement.

11. Defendant employs or has employed members of the Union, who are also participants in the employee benefit fund administered by the plaintiff pursuant to the collective bargaining agreement to which defendant is a party or otherwise bound.

12. Defendant has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions are owed to the plaintiff under the provisions of the collective bargaining agreement and trust agreement for the period of at least October 1, 2014 to present.

13. Defendant is required under the collective bargaining agreement and trust agreement to pay contributions to plaintiff for the hours of bargaining unit work performed by its employees each month.

14. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the trust agreement.

*See* 29 U.S.C. §1145.

15. Defendant is required under the collective bargaining agreement and trust agreement to provide plaintiff with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

16. Defendant's remittance reports with payment of fringe benefit contributions owed are due to the plaintiff by the 15th day of the month following the month in which the hours were worked by defendant's employees.

### COUNT I
### Delinquent Contributions

1-16. Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count I as if fully set forth herein.

17. Plaintiff engaged a certified public accounting firm to examine the payroll books and records of the defendant for the period of October 1, 2014 to August 31, 2016, to determine whether defendant complied with its obligations to pay the fringe benefit contributions and dues to the plaintiff as required under the collective bargaining agreements, and trust agreement.

18. A true and accurate copy of the payroll examination findings is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

19. The payroll examination determined that defendant failed to report certain hours worked by certain employees to the plaintiff over the examination period.

20. The payroll examination determined that defendant failed to pay all fringe benefit contributions and dues that were owed to the plaintiff for certain hours worked by defendant's employees over the examination period.

21. The payroll examination determined that defendant failed to pay plaintiff fringe benefit contributions that were owed to plaintiff in the sum of $2,790.60.

22. Defendant breached the provisions of the collective bargaining agreement and trust agreements by failing to timely report hours worked by its employees and paying the contributions that were owed to the plaintiff.

23. Pursuant to applicable provisions of ERISA, the collective bargaining agreement and the trust agreement, defendant owes interest on delinquent contributions.

24. Pursuant to applicable provisions of ERISA, the collective bargaining agreement and the trust agreement, defendant owes liquidated damages on delinquent contributions.

25. Pursuant to applicable provisions of the trust agreement, defendant owes the plaintiff the costs of the payroll examination.

26. Defendant owes plaintiff based upon the payroll examination findings, after all just credits, the known sum of $4,508.33, itemized as follows:

| | |
|---|---|
| Contributions: | $2,790.60 |
| Interest: | $1,075.25 |
| Liquidated Damages: | $279.06 |
| Audit Fee: | $967.28 |
| | ($324.60) |
| | -------------- |
| | $4,508.33 |

27. A summary of the known contributions and other amounts owed to plaintiff by defendant based upon the payroll examination findings is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

28. Plaintiffs have demanded that defendant pay plaintiff the contributions and other

amounts owed, but defendant has refused or otherwise failed to pay to plaintiffs the contributions and other amounts owed.

29. Pursuant to the terms of the collective bargaining agreement and trust agreement, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiff prays as follows:

A. That judgment is entered in favor of plaintiff and against defendant for $4,508.33, plus reasonable attorneys' fees and costs;

B. That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreement, and ERISA (29 U.S.C. Section 1132(g)(2));

C. That defendant is decreed to pay all costs attendant to these proceedings;

D. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## COUNT II
### Liquidated Damages

1-16. Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count II as if fully set forth herein.

17. Defendant failed to provide plaintiff with Defendant's remittance reports with payment of fringe benefit contributions owed by the 15th day of the month following the month in which the hours were worked by defendant's employees for certain months during the period of

July 2018 through July 2019.

18. Defendant breached the provisions of the trust agreement by not timely providing plaintiff with Defendant's remittance reports with payment of fringe benefit contributions owed for certain months during the period of July 2018 through July 2019.

19. Pursuant to applicable provisions of the plaintiff's trust agreement, defendant owes liquidated damages on delinquent contributions.

22. The plaintiff has demanded defendant pay the liquidated damages owed to the plaintiff, but defendant has refused or failed to pay the plaintiff these amounts.

23. Defendant breached the provisions of the trust agreement by not paying plaintiff the liquidated damages owed for the failure to timely provide plaintiff with remittance reports with payment of fringe benefit contributions owed for certain months during the period of July 2018 through July 2019.

20. Defendant owes Plaintiff liquidated damages in the form of late fees, penalties and interest in the sum of $5,848.49 for the failure to timely provide plaintiff with defendant's remittance reports with payment of fringe benefit contributions owed for certain months during the period of July 2018 through July 2019.

21. A summary of the late fees and interest of $5,848.49 owed to plaintiff is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

WHEREFORE, plaintiff prays as follows:

A. That judgment is entered in favor of plaintiff and against defendant for $5,848.49, plus reasonable attorneys' fees and costs;

B. That defendant is decreed to pay any additional liquidated damages owed under the plaintiff's trust agreement and policies through the date of judgment;

C. That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreement, and ERISA (29 U.S.C. Section 1132(g)(2));

D. That defendant is decreed to pay all costs attendant to these proceedings;

E. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## COUNT III
### Compel Accounting / Delinquent Contributions

1-16. Plaintiff re-asserts and re-alleges paragraphs 1 through 16 as paragraphs 1 through 16 of count III as if fully set forth herein.

17. Pursuant to the trust agreement, plaintiff has the right to examine the payroll books and records of the defendant to confirm the accuracy of defendant's reporting of hours worked to determine whether the defendant has paid plaintiff all fringe benefit contributions owed.

18. Plaintiff demanded that defendant provide access to its relevant payroll and other business records for purposes of an audit for the period of September 1, 2016, to a current date to be established by plaintiffs' auditor, but defendant has refused to provide plaintiff with access to its payroll and other business records for purposes of an audit.

19. Defendant breached the provisions of the trust agreement by refusing to provide plaintiff access to its payroll and other business records for purposes of an audit.

20. Defendant owes plaintiff for all unpaid fringe benefit contributions, and any other amounts determined due by audit, for all hours of work performed by its employees for the period of September 1, 2016, to present.

21. To the extent unpaid contributions or other amounts are determined to be owed to plaintiff under the audit, defendant breached the provisions of the collective bargaining agreement and trust agreement by underpaying the fringe benefit contributions or other amounts that were owed to the plaintiff for hours of work performed by its employees for the period of September 1, 2016, to present.

22. Pursuant to the terms of the collective bargaining agreement and trust agreement, the defendant is liable for interest, liquidated damages, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiff prays as follows:

A. That defendant is ordered to provide and/or make available to plaintiffs or its auditor, all of defendant's payroll and other business records for the period of September 1, 2016, through a future date determined by plaintiff or its auditor;

B. That plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the period of January 1, 2016, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiff is entitled to pursuant to the trust agreement, labor agreements and ERISA;

C. That judgment is entered in favor of plaintiff and against defendant for all fringe benefit contributions, interest, liquidated damages and other amounts owed to plaintiff for the period of September 1, 2016, through a future date including without limitation the ending date of any payroll compliance audit, as determined by payroll compliance audit or otherwise;

D. That defendant be decreed to pay to the plaintiff all such monies determined to be due and owing to plaintiff at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E. That defendant is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreement, and ERISA (29 U.S.C. Section 1132(g)(2));

F. That defendant is decreed to pay all costs attendant to these proceedings;

G. That plaintiff is awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

>CARPENTERS PENSION FUND OF ILLINOIS, Plaintiff,
>
>By:   s/ John P. Leahy
>JOHN P. LEAHY
>CAVANAGH & O'HARA LLP
>Attorneys for Plaintiffs
>2319 West Jefferson Street
>Springfield, IL 62702
>(217) 544-1771 – Telephone
>(217) 544-9894 – Facsimile
>johnleahy@cavanagh-ohara.com